UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FERNANDO INIGO,<br><br>                   Plaintiff,<br><br>v.<br><br>EXPRESS MOVERS, INC.,<br><br>                   Defendant. | Case No.: 3:18-cv-02844-BEN-LL<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT, EXPRESS MOVERS, INC.**<br><br>**[Doc. No. 29]** |
|---|---|

Before the Court is a Motion to Withdraw as Counsel for Defendant Express Movers, Inc. ("Defendant"), filed by Defendant's counsel.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78. After reviewing all related filings, the Court grants the Motion.

## I. BACKGROUND

On or around March 3, 2018, Plaintiff Fernando Inigo ("Plaintiff") and Defendant entered into a written service contract whereby Defendant, for an estimated fee of $4,920.00, would transport Plaintiff's household goods and vehicle from Kilauea, Hawaii to his new residence in Chula Vista, California. (*See* Doc. No. 1 ¶¶ 12-15.) Having agreed to the terms of the service contract, Plaintiff paid Defendant the estimated fee, that same day. *Id*. ¶ 16. On April 25, 2018, Defendant demanded Plaintiff pay an additional balance due of $6,940.00 before he would relinquish possession of Plaintiff's property. *Id*. ¶ 17. Plaintiff refused and requested copies of the parties' agreement regarding the

---

[1] Counsel of record that are moving to withdraw are Elliott N. Kanter, and the Law Office of Elliott N. Kanter.

transportation and delivery of his property. *Id*. ¶¶ 17 and 18. On July 2, 2018, Defendant's counsel provided Plaintiff with the requested documents. *Id*.

In an attempt to resolve the contract dispute, Plaintiff offered (*via letter dated July 26, 2018*) to pay $6,647.00 in exchange for delivery of his property. Marco Stojadinovic (*Defendant's agent*), refused, responding that Plaintiff's property would not be delivered until he paid $6,940.00, plus half of the storage fees incurred by Defendant as a result of this dispute. *Id*. ¶¶ 21 and 22.

On October 15, 2018, Plaintiff made a second attempt to amicably resolve the dispute by offering to pay an amount in excess of the estimated fees identified in the Service Contract/Summary of Charges, in exchange for delivery of his property to his Chula Vista, residence. *Id*. ¶ 23. This offer was also rejected by Defendant. *Id*.

Having been unable to resolve the contract dispute, Plaintiff filed a Complaint against Defendant on December 17, 2018. (*See Id*.) The instant Motion was filed by Defendant's counsel on May 20, 2020. (*See* Doc. No. 29.)

## II. LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court. *Kassab v. San Diego Police Dep't*, 2008 WL 251935, at *1 (S.D. Cal. Jan 29, 2008); *see also Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694, at *2 (S.D. Cal. Fed. 13, 2008). Additionally, under local rules, an attorney must serve notice of its motion to withdraw on the adverse party as well as on the moving party's client with a declaration of service. Local Civ. R. 83.3(g)(3).

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, 2013 WL 163420 (S.D. Cal. Jan. 14, 2013).

Courts have previously held that "[f]ailure to pay attorney's fees can be valid ground for withdrawal." *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708,

at *2 (S.D. Cal. Feb 2, 2019); *see also Canadaigua Wine Company, Inc. v. Edwin Moldauer*, 2009 WL 89141 (E.D. Cal. Jan 14, 2009) (granting motion to withdraw legal counsel where defendant refused to accept legal advice or pay his fees.)  Furthermore, there is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage.  *Gurvey v. Legend Films, Inc.*, 2010 WL 2756944 (S.D. Cal. July 12, 2010).  There is also no undue delay where the counsel takes "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel …"  Cal. Rule of Prof. Conduct 3-700(A)(2).

However, according to local rules,

> Only natural persons representing their individual interests *in propria persona* may appear in court without representation …  All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice…

Local Civ. R. 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.")

### III. DISCUSSION

In the present case, Defendant's counsel shows valid cause for withdrawal because all of the relevant considerations tip in its favor.  First, Defendant can no longer pay its counsel for its legal services.  As discussed *supra*, failure to pay attorney's fees can be a valid ground for withdrawal.  *See Canandaigua Wine Co. v. Edwin Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009); Cal. Rules of Professional Conduct Rule 3-700(C)(1)(f).  Next, there is no danger of prejudice as Defendant has been on notice of counsel's intent to withdraw, at the very least, since May 20, 2020.  Furthermore, the conflict of interest which has arisen between Defendant and counsel has rendered it impossible for counsel to represent the Defendant in this action.

1  Finally, there is no evidence that granting this motion harms administration of justice.  In
2  fact, and as discussed more fully below, judicial economy and efficiency compels the
3  Court to grant the motion.
4       The Court recognizes that granting the withdrawal motion would leave Defendant,
5  a corporate defendant, without counsel, in contravention of Local Rule 83.3(j).  However,
6  Rule 83.3(j) is not offended where the court orders an unrepresented corporate defendant
7  to find substitute counsel, and gives the same adequate time to do so.  *See e.g., Indymac*
8  *Fed. Bank, F.S.B. v. McComic*, No. 08-CV-1871-IEG WVG, 2010 WL 2000013 (S.D.
9  Cal. May 18, 2010) (granting counsel's motion to withdraw as defendants could no
10 longer pay and were not prejudiced, but also directing defendants to secure substitute
11 counsel within thirty days); *Light Salt Investments, LP v. Fisher*, 2013 WL 12121255
12 (S.D. Cal. Nov 14, 2013) (granting motion to withdraw counsel, and setting deadline to
13 secure substitute counsel, where counsel cited plaintiff limited partnership's refusal to
14 participate in litigation and inability to pay fees as reasons for withdrawal); *McNally v.*
15 *Commonwealth Financial Systems, Inc.*, 2013 WL 685364 (S.D. Cal. Feb. 25, 2013)
16 (granting motion where litigation was at an early stage and where corporate defendant
17 was unable to pay legal fees, consented to the motion, and had "ample opportunity to
18 retain substitute counsel as needed").
19      As in *Indymac*, the corporate Defendant in this case failed to pay its counsel's past
20 fees and is unable or refuses to pay for any future fees.  (*See* Doc. No. 29-1 ¶ 2.)
21 Moreover, a conflict of interest which cannot be overcome has arisen between counsel
22 and Defendant on how the case should proceed.  *Id*.  Lastly, Defendant, having been
23 served with the Motion, has failed to respond in opposition to counsel's Motion.  Given
24 the circumstances, the Court grants defense counsel's Motion for withdrawal and directs
25 the Defendant to find substitute representation within thirty (30) days from the entry of
26 this Order.
27 ///
28 ///

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that:

1. Defense Counsel's Motion to Withdraw is **GRANTED**;
2. The Clerk of Court **SHALL** immediately update the docket to reflect the withdrawal of Elliott N. Kanter, of the Law Offices of Elliott N. Kanter, as counsel of record for Express Movers, Inc.;
3. Defendant Counsel **SHALL** immediately serve the Defendant with a copy of this Order and thereafter file a proof of service to confirm the same;
4. Defendant has **thirty (30) days from the date of this Order** to obtain new counsel and have new counsel file a notice of appearance;
5. The Final Pretrial Conference currently scheduled for June 8, 2020, is <u>continued sixty (60) days</u> to **August 3, 2020 at 10:30 a.m.**

**IT IS SO ORDERED.**

DATED: June 24, 2020

_____
**HON. ROGER T. BENITEZ**
United States District Judge