FILED

NOV 1 8 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fernando Inigo, | Case No.: 3:18-cv-2844-BEN-DEB |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO PROVE DAMAGES** |
| v. | |
| Express Movers, Inc., a Hawaii Corporation, d/b/a Movers Hawaii, | |
| Defendant. | **[ECF Nos. 41, 42, 45]** |

On August 24, 2020, the Court entered default judgment against Defendant Express Movers, Inc ("Express Movers"). ECF No. 37. This matter now comes before the Court on Plaintiff Fernando Inigo's Motion to Prove Damages.

## I.   Background

Inigo filed a Complaint against Express Movers on December 17, 2018. ECF No. 1. He initially sought $39,827.00 in damages, representing the value of household goods and a vehicle he alleged were being unlawfully withheld by Express Movers as the result of a dispute over shipping costs. *Id.* at 9. On April 22, 2020, Express Movers relinquished possession of Inigo's household goods. Mot., ECF No. 42, 7.

On June 24, 2020, the Court granted Mr. Elliot Canter's motion to withdraw as counsel for Express Movers. ECF No. 33. As Local Civil Rule 83.3(j) requires corporations to be represented by counsel, the Court granted Express Movers thirty days

1

1  to obtain new counsel and for that counsel to file a notice of appearance. *Id*. The Court

2  also delayed the Final Pretrial Conference until August 3, 2020. *Id*.

3     Express Movers failed to appear at the Final Pretrial Conference and no new

4  counsel filed a notice of appearance on its behalf. ECF No. 35. The Court issued an

5  Order to Show Cause, requiring Express Movers to obtain new counsel and warning it

6  that failure to do so could result in sanctions, including striking Express Movers' Answer

7  and entering default judgment against it. ECF No. 36. Express Movers again failed to

8  respond. Accordingly, the Court entered default judgment on August 24, 2020, and

9  granted Inigo leave to file a Motion to Prove Damages. *Id*. Inigo filed his motion, and

10  Express Movers has not responded.[1]

11     Inigo seeks damages pursuant to 49 U.S.C. § 14706 for Express Movers' alleged

12  failure to transport his household goods with "reasonable dispatch." Mot., ECF No. 41,

13  3. He no longer seeks damages for the total value of his household goods, but rather

14  damages for a select few items he purchased while his household goods were being

15  withheld by Express Movers. *Id*. at 2-3. He also alleges one large box of kitchen items

16  was lost, entitling him to further damages. *Id*. at 3.

17  **II.   Legal Standard**

18     Under Federal Rule of Civil Procedure 8(a)(3), a plaintiff's demand for relief must

19  be specific, and he "must 'prove up' the amount of damages." *Philip Morris USA Inc. v.*

20  *Banh*, Case No. 03-CV-4043-GAF-PJW, 2005 WL 5758392, at \*6 (C.D. Cal. Jan. 14,

21  2005). "The general rule of law is that upon default the factual allegations of the

22

23

24  [1] Igor Stojadinovic, purportedly a representative of Express Movers, sent a letter to the
Court dated October 5, 2020, requesting a delay in the hearing on this motion. ECF No.

25  45. Mr. Stojadinovic stated he could not travel due to COVID-19 concerns. *Id*. The

26  Court vacated the hearing on this motion and the matter was submitted in accordance

27  with Local Civil Rule 7.1(d)(1). Accordingly, the request is **denied as moot**. The Court
also rejects the letter because it was submitted on behalf of a corporate defendant by a

28  non-attorney. *See* Civ. L. R. 83.3(j).

1    complaint, except those relating to the amount of damages, will be taken as true."

2    *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations

3    omitted).  Relief following a motion for entry of default judgment is limited to that

4    identified in the complaint.  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not

5    differ in kind from, or exceed in amount, what is demanded in the pleadings."); *see also*

6    *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (stating

7    that a default judgment "shall not be different in kind from or exceed in amount that

8    prayed for in the [complaint]").

9    **III.  Analysis**

10         Inigo seeks an award of $2,107.20 for the failure to transport household goods with

11   reasonable dispatch and $300.00 for damages incurred as the result of a lost large box of

12   kitchen items.  Mot., ECF No. 41, 3.  As a preliminary matter, the Court finds these

13   damages are not different in kind from and do not exceed the amount of what was

14   demanded in Inigo's Complaint.  Instead, Inigo's motion reasonably reduces the damages

15   sought based on Express Movers' decision to release his household goods.

16         In support of his claimed damages, Inigo attached a declaration to his motion

17   stating that Express Movers refused to deliver his household goods to him as contracted

18   because a dispute arose over the amount due to Express Movers.  Decl., ECF No. 41-1, ¶¶

19   3-5.  Inigo alleged that Express Movers refused to relinquish possession of his household

20   goods for over nine months, and that Inigo was required to purchase a new washing

21   machine, washer hose, queen mattress, box spring, and television for his home.  *Id.* at ¶

22   10.  The total cost of these items was $2,107.20, evidenced by receipts attached to Inigo's

23   declaration.  *Id.* at ¶ 10, Ex. C.  Inigo further alleges one large box of kitchen items was

24   not included in the items eventually released by Express Movers.  *Id.* at ¶ 13.  He

25   estimates those kitchen items are valued at $300.00.

26         The Carmack Amendment states that a carrier providing transportation of goods is

27   liable "for the actual loss or injury to the property" caused by that carrier.  49 U.S.C. §

28   14706(a)(1).  The carrier's failure to issue a bill of lading does not affect its liability.  *Id.*

1    While the statute does not explicitly provide for recovery of "reasonably foreseeable
2    damages," other courts have consistently recognized that a carrier may be liable for all
3    "reasonably foreseeable consequential damages resulting from a breach of the contract of
4    carriage." *Ready Transp., Inc. v. CRST Malone, Inc.*, No. 07-CV-0905-JTL, 2009 WL
5    10669257, at *12 (C.D. Cal. Jan. 13, 2009) (citing *Air Prods. & Chems., Inc. v. Illinois*
6    *Central Gulf R. Co.*, 721 F.2d 483, 485 (5th Cir. 1983), cert. denied, 469 U.S. 832
7    (1984)).  The Supreme Court has likewise stated that "[t]he words of the [Carmack
8    Amendment] 'are comprehensive enough to embrace all damages resulting from any
9    failure to discharge a carrier's duty with respect to any part of the transportation to the
10   agreed destination.'" *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28,
11   29 (1936) (quoting *New York, Philadelphia & Norfolk R.R. Co. v. Peninsula Produce*
12   *Exch. of Maryland*, 240 U.S. 34, 38 (1916)).

13          Here, Inigo has pleaded that Express Movers refused to relinquish possession of
14   his household goods despite Inigo's offer to pay 110% of the estimated costs.  *See* 49
15   C.F.R. § 375.407 (requiring a carrier to relinquish possession of household goods if the
16   individual shipper pays 110% of the non-binding estimate on a collect-on-delivery
17   shipment).  Compl., ECF No. 1, ¶ 29.  Following Inigo's offer, Express Movers
18   continued to withhold delivery of Inigo's household goods for more than nine months.
19   As noted above, the Court accepts these well pleaded allegations as true.  *See TeleVideo*
20   *Sys., Inc.*, 826 F.2d at 917-18.

21          Applying those pleadings to Inigo's claimed damages, the Court finds that the
22   damages sought for purchase of a replacement television, queen mattress, and box spring
23   would be reasonably foreseeable and are thus recoverable.  A shipper like Inigo quite
24   reasonably believes that, once the needed time for transit has passed, he will be able to
25   rest on a bed.  Today, he could also expect a common comfort like a television.  While
26   the Court would also conclude Inigo has a need for a washing machine, Inigo's inventory
27   did not show he shipped a washing machine. Compl., ECF No. 1, Ex. B.  Accordingly,
28   the Court finds Express Movers could not reasonably have anticipated Inigo would buy a

4

1  replacement washing machine and washer hose.  Inigo has sufficiently proved his
2  remaining damages with respect to the lost large box of kitchen items.

3      The Court finds that Inigo has therefore sufficiently proved damages in the amount
4  of $1,838.97, representing Inigo's claimed damages less the $538.23 he incurred for a
5  new washing machine and washer hose.

6  **IV.    Conclusion**

7      For the foregoing reasons, Plaintiff's Motion to Prove Damages is **GRANTED in**
8  **part**.  The Clerk of Court shall enter judgment in favor of Plaintiff in the amount of
9  $1,838.97 in total damages.  Plaintiff is granted leave to file a Motion for Attorney's Fees
10  in accordance with Federal Rule of Civil Procedure 54 and 49 U.S.C. § 14708.  A request
11  for Costs may be submitted to the Clerk of Court.

12      **IT IS SO ORDERED.**

14  Date: November /?, 2020

    HON. ROGER T. BENITEZ
    United States District Judge

5