UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO INIGO,<br><br>    Plaintiff,<br><br>v.<br><br>EXPRESS MOVERS, INC., a Hawaii Corporation, d/b/a Movers Hawaii,<br><br>    Defendant. | Case No.: 3:18-cv-2844-BEN-DEB<br><br>**ORDER GRANTING-IN-PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF No. 50]** |

Before the Court is Plaintiff Fernando Inigo's Motion for Attorney's Fees. ECF No. 50. Defendant Express Movers, Inc. ("Express Movers") remains unrepresented by counsel and did not file any briefing addressing this Motion. For the reasons set forth below, the Motion is **GRANTED-IN-PART**.

I. **BACKGROUND**

This case concerns a shipment of household goods and a vehicle from Hawaii to California. *See* Compl., ECF No. 1. Inigo filed a Complaint against Express Movers on December 17, 2018. *Id*. He initially sought $39,827.00 in damages, which he alleged represented the value of the items unlawfully withheld by Express Movers as the result of a dispute over shipping costs. *Id*. at 9. On April 22, 2020, after sixteen months of withholding Inigo's household goods, Express Movers relinquished possession and returned the items to him. Mot., ECF No. 42, 7. One month later, Mr. Elliot Canter, who

1

was then-counsel for Express Movers, moved to withdraw from the case, citing a conflict of interest and Express Movers' inability to afford an attorney. *See* Mot., ECF No. 29, 2.

On June 24, 2020, the Court granted Canter's motion to withdraw as counsel for Express Movers. Order, ECF No. 33. As Local Civil Rule 83.3(j) requires corporations to be represented by counsel, the Court granted Express Movers thirty days to obtain new counsel and have that counsel file a notice of appearance. *Id*. The Court also delayed the Final Pretrial Conference until August 3, 2020. *Id*.

Express Movers failed to appear at the Final Pretrial Conference or retain new counsel to file a notice of appearance on its behalf. Minute Order, ECF No. 35. The Court issued an Order to Show Cause, requiring Express Movers to obtain new counsel while cautioning that failure to do so could result in sanctions, including striking Express Movers' Answer and entering default judgment against it. Order, ECF No. 36. Express Movers still failed to respond. Accordingly, the Court entered default judgment on August 24, 2020, and granted Inigo leave to file a Motion to Prove Damages. Order, ECF No. 38. Inigo filed his Motion to Prove Damages, and Express Movers did not respond.[1] The Court granted-in-part Inigo's Motion to Prove Damages, finding he was entitled to $1,838.97 in total damages for Express Movers' violation of 49 U.S.C. § 14706. *See* Order, ECF No. 47. These damages represented new items that Inigo was forced to purchase while Express Movers wrongfully withheld his household goods. *Id*. at 5.

Inigo now seeks $69,849.00 in attorney's fees pursuant to 49 U.S.C. § 14708. Mot., ECF No. 50, 4. Once again, Express Movers did not submit any briefing on the

---

[1]   Igor Stojadinovic, purportedly a representative of Express Movers, sent a letter to the Court dated October 5, 2020, requesting a delay in the hearing on the motion for default judgment. ECF No. 45. Mr. Stojadinovic stated he could not travel due to COVID-19 concerns. *Id*. However, the Court vacated the hearing on this motion, submitted the matter in accordance with Local Civil Rule 7.1(d)(1), and as such, denies Mr. Stojadinovic's request as moot. The Court also rejects Mr. Stojadinovic's letter because it was submitted on behalf of a corporate defendant by a non-attorney. *See* Civ. L. R. 83.3(j) (providing that corporations may only appear in court through an attorney).

Motion for Attorney's Fees.[2]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54, a party may file a motion for attorney's fees within fourteen days after the entry of judgment. Fed. R. Civ. P. 54(d). A motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(ii)-(iii). The Carmack Amendment, codified at 49 U.S.C. § 14706 *et. seq*, regulates the relationship between shipping companies and the owners of goods under shipment. In certain circumstances, a shipper can recover attorney's fees in suits brought pursuant to the Carmack Amendment. *See* 49 U.S.C. § 14708(d). To receive attorney's fees in such cases, a plaintiff must (1) timely submit a claim for the loss of their household goods, (2) prevail in a court action to resolve this dispute, and (3) have no arbitration decision rendered in the dispute. *See Campbell v. Allied Van Lines Inc.*, 410 F.3d 618, 623 (9th Cir. 2005).

## III. ANALYSIS

The Court first notes that Inigo has satisfied the three elements listed above for his attorney's fee claim.

Turning to the award amount, Inigo claims his counsel charged him $250 per hour to represent him in this matter and expended 279 hours of time pursuing this case. Mot., ECF No. 50, 9. Inigo requests a total award of $69,849.00. Inigo does not submit any documentation to substantiate the total number of hours worked or itemize those hours in

---

[2] On December 30, 2020, the Court issued a minute order submitting the Motion for Attorney's Fees and vacating the hearing set for January 4, 2021. ECF No. 51. However, on the date of the hearing, the Court received a phone call from Mr. Stojadinovic indicating he had travelled from Hawaii to appear in-person at the since-vacated hearing. Chambers informed Mr. Stojadinovic the hearing had been vacated and that corporate defendants must be represented by an attorney. *See* Civ. L. R. 83.3(j). Since that date, no new counsel has appeared on Express Movers' behalf.

1  any way. The Court finds that the product of counsel's hourly rate and number of hours
2  worked is only $69,750.00. Because Inigo failed to provide any explanation for the
3  difference in amounts, such as costs or expenses, the Court begins its analysis of an
4  appropriate fee by using the lesser amount.

5        In awarding attorney's fees, the Court begins with the lodestar. *Henley v.*
6  *Eckerhart*, 461 U.S. 424, 433 (1983); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 802
7  (2002) (applying lodestar to all fee-shifting cases in federal courts). The lodestar is "the
8  number of hours reasonably expended on the litigation multiplied by a reasonable hourly
9  rate." *Hensley*, 461 at 433. "The party seeking an award of fees should submit evidence
10 supporting the hours worked and rates claimed." *Id*. However, "[w]here the
11 documentation supporting the award is inadequate, the district court may reduce the
12 award accordingly." *Id*.

13       In analyzing Inigo's motion, the Court first finds that his counsel's requested
14 hourly rate of $250 per hour is reasonable. However, the Court does not find Inigo's
15 counsel reasonably expended 279 hours on this case because Inigo provided absolutely
16 no documentation that would allow the Court to evaluate the time allegedly worked.
17 Accordingly, the Court reduces the hours claimed by forty percent to 167.4 hours. *See*
18 *Drucker v. O'Brien's Moving & Storage Inc.*, 963 F.2d 1171, 1174 (9th Cir. 1992)
19 (affirming the district court's decision to reduce an undocumented attorney's fee request
20 in a case brought under the predecessor version of the Carmack Amendment).

21       The Court notes that not only did Inigo's counsel fail to provide any fee
22 documentation, but her declaration also fails to describe any costs incurred, the type of
23 work done on this case, the difficulty of that work, and any other reasons justifying the
24 $69,849,00 in fees she requests. However, the Court also recognizes that, at a minimum,
25 this is not a typical default judgment case. In fact, the case was contested for almost
26 eighteen months before Express Movers' counsel withdrew from the case. During that
27 time, Inigo's counsel prepared the complaint, attended multiple hearings, filed and
28 responded to several discovery motions, and conducted discovery including the taking of

depositions. After Express Movers' counsel withdrew, she proceeded to prove up Inigo's case through the show cause and default judgment proceedings. Accordingly, the Court finds counsel's appropriate lodestar is $41,850.00.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney's Fees is **GRANTED-IN-PART**. The Court awards Plaintiff $41,850.00 in attorney's fees.

**IT IS SO ORDERED.**

Date: March 11, 2021

    _____
    HON. ROGER T. BENITEZ
    United States District Judge